IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAT DELOS SANTOS,　　　　　　　　　　　　No　C-06-2948- VRW

　　　　Plaintiff,　　　　　　　　　　　　　ORDER

　　　　v

JOHN E POTTER, Postmaster General

　　　　Defendant.
_____/

　　　　Plaintiff alleges that defendant terminated him based on his race and age in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq, and the Age Discrimination in Employment Act (ADEA), 29 USC § 621 et seq.  Doc #1 (Compl).  On January 12, 2007, defendant moved to dismiss several of plaintiff's claims.  Doc #8.  In response, plaintiff filed a "statement of non-opposition" to defendant's motion and requested leave to file an amended complaint, Doc ##13, 19, which defendant opposed in part, Doc #18.

Because the court finds this matter suitable for decision without oral argument, the hearing scheduled for March 22, 2007, is VACATED. See Civ L R 7-1(b). For the reasons that follow, the court GRANTS defendant's unopposed motion and GRANTS IN PART and DENIES IN PART plaintiff's motion for leave to amend.

I

"[A] party may amend the party's pleading * * * by leave of court * * * and leave shall be freely given when justice so requires." FRCP 15(a). The Ninth Circuit directs district courts to apply the policy of Rule 15(a) with "extreme liberality." Morongo Band of Mission Indians v Rose, 893 F2d 1074, 1079 (9th Cir 1990) (citing DCD Programs, Ltd v Leighton, 833 F2d 183, 186 (9th Cir 1987)). This liberality, however, is "subject to the qualification that amendment of the complaint [1] does not cause the opposing party undue prejudice, [2] is not sought in bad faith and [3] does not constitute an exercise in futility." DCD Programs, 833 F2d at 186 (internal citations omitted). See Lockman Foundation v Evangelical Alliance Mission, 930 F2d 764, 772 (9th Cir 1991) ("The district court may decline to grant * * * leave [to amend], though, where there is any apparent or declared reason for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment.") (internal quotations omitted).

The only qualification relevant to the present case is the potential futility of plaintiff's desired amendments. "A proposed amendment to a complaint is 'futile only if no set of facts can be proved under the amendment * * * that would constitute

2

a valid and sufficient claim.'" <u>Fischer v City of Portland</u>, 2003 US Dist LEXIS 25613, *6 (D Ore 2003) (quoting <u>Sweaney v Ada County, Idaho</u>, 119 F3d 1385, 1393 (9th Cir 1997)).  "A plaintiff should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended complaint would be dismissed for failure to state a claim under [FRCP] 12(b)(6)."  Id (citing <u>Miller v Rykoff-Sexton, Inc</u>, 845 F2d 209, 214 (9th Cir 1988)).  See <u>Moore v Kayport Package Express, Inc</u>, 885 F2d 531, 538 (9th Cir 1989) (affirming district court's denial of leave to amend when proposed amendment was subject to dismissal for failure to state a claim).  Finally, the Ninth Circuit has held that leave to amend should be denied if the proposed amendment is "redundant."  <u>Sisseton- Wahpeton Sioux Tribe v United States</u>, 90 F3d 351, 356 (9th Cir 1996).

     Defendant does not oppose plaintiff's proposed amended complaint "save for two aspects: [plaintiff's] proposed first cause of action for 'constitutional violations' under the Fifth And Ninth Amendments and [plaintiff's] naming of 'Does 1 through 50' as defendants."  Doc #18.  The court addresses these two issues in turn.

     Defendant argues that plaintiff cannot maintain his proposed <u>Bivens</u> action because Title VII is the exclusive remedy for employment discrimination allegations against defendant.  See <u>Brown v General Services Admin</u>, 425 US 820, 829 (1976) (ruling that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment.").  Under <u>Brown</u>, Title VII precludes all employment discrimination claims except those for non-job-related "highly personal violations" and unconstitutional

3

1  acts other than discrimination, such as assault, rape and physical
2  abuse.  See <u>Otto v Heckler</u>, 781 F2d 754, 755, 756-7 (9th Cir 1986)
3  (exclusivity exception applied to the lawsuit alleging
4  non-job-related assault); <u>White v General Services Admin</u>, 652 F2d
5  913, 916-7(9th Cir 1981) (exclusivity exception would apply to
6  "unconstitutional action other than the discrimination").  Here,
7  plaintiff's constitutional claim arises out of the alleged
8  employment discrimination and thus falls within Title VII's
9  exclusivity.  See Doc #13, ¶ 26, 34-35, 39, 50 (alleging plaintiff
10 was forced to resign in violation of plaintiff's "due process
11 rights").

12         Moreover, in view of the comprehensive remedial scheme
13 for employment discrimination provided by Title VII and the ADEA,
14 the court doubts whether separate remedies are even available under
15 <u>Bivens</u>, see <u>Bush v Lucas</u>, 462 US 367, 390 (1983) (<u>Bivens</u> remedies
16 unavailable where Congress has established a comprehensive remedial
17 scheme), especially for plaintiff's unprecedented reliance on the
18 Ninth Amendment.  See <u>Correctional Services Corp v Malesko</u>, 534 US
19 61, 66-8 (2001) (explaining that <u>Bivens</u> has been applied to Fourth,
20 Fifth and Eight Amendments, but since 1980, "we have consistently
21 refused to extend <u>Bivens</u> liability to any new context or new
22 category of defendants").  Accordingly, because plaintiff's <u>Bivens</u>
23 claim is based on defendant's allegedly discriminatory termination
24 of plaintiff, Title VII and the ADEA constitute plaintiff's
25 exclusive remedies.

26         Next, the court addresses plaintiff's proposed addition
27 of fifty "Doe" defendants.  Unnamed, or "Doe" defendants are not
28 favored in the Ninth Circuit.  <u>Gillespie v Civiletti</u>, 629 F2d 637,

**4**

642 (9th Cir 1980) (citing <u>Wiltsie v California Dep't of Corrections</u>, 406 F2d 515, 518 (9th Cir 1968)).  This court has also expressed its disfavor of Doe defendants.  See <u>Estrada v Gomez</u>, 1995 US Dist LEXIS 14239, *15-16 (ND Cal 1995).  See also <u>Casillas v Auto-Ordnance Corp</u>, 1996 US Dist LEXIS 7396, * 17 (ND Cal 1996).  The court disfavors such nebulous pleading because (1) a Doe defendant cannot be effectively served, (2) the court cannot determine that a Doe defendant is a real person or entity who could be sued in federal court, (3) the court cannot determine if a Doe defendant is subject to any type of immunity and (4) the court cannot determine if plaintiff's suit could survive a Doe defendant's motion to dismiss or motion for summary judgment.  See <u>Cornejo v Unknown Agents of the United States Marshal Service</u>, 1994 US Dist LEXIS 11297, *6 (ND Cal 1994); <u>Stewart v Federal Bureau of Investigation</u>, 1999 US Dist LEXIS 18784, *5-6 (D Ore 1999).

   Numerous Doe defendants, especially ones sued in their individual capacities, have no place in a complaint unless plaintiff provides the court with more identifying information regarding such defendants.  Given that a named defendant remains in this suit, the court encourages plaintiff to use discovery to attempt to identify the Doe defendants.  If plaintiff uncovers information concerning the identities of the Doe defendants, the court will entertain a motion to amend the complaint.  Accordingly, the court denies plaintiff's current motion to add 50 Doe defendants.

//
//
//

## II

In sum, the court GRANTS defendant's unopposed motion to dismiss and GRANTS IN PART and DENIES IN PART plaintiff's motion for leave to amend his complaint. Plaintiff may file his proposed first amended complaint, see Doc #13, but the court DENIES plaintiff's motion to add a cause of action for constitutional violations and DENIES plaintiff's motion to add Doe defendants.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge